```
               IN THE UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF ARKANSAS
                        PINE BLUFF DIVISION


KE'ONDRA M. CHESTANG                                     PETITIONER


vs.                   Civil Case No. 5:09CV00219 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                        RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

>    1.  Why the record made before the Magistrate Judge is inadequate.
>
>    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
>    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>    Clerk, United States District Court
>    Eastern District of Arkansas
>    600 West Capitol Avenue, Suite A149
>    Little Rock, AR 72201-3325

### **DISPOSITION**

Now before the court are Respondent's Motion to Dismiss (DE #14) and Petitioner's Motion for Entry of Default (DE #17), Motion to Schedule Appeal Bond Hearing Date (DE #19), Motion to Enter a Default Judgment (DE #21), Motion to Schedule Evidentiary Hearing (DE #20), and Motion for Emergency Hearing (DE #25). This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Ke'Ondra M. Chestang, an inmate of the Arkansas Department of

Correction.  Petitioner was convicted by a jury on July 29, 2005, of aggravated robbery, and he received a sentence of twenty years' imprisonment (Respondent's Exhibit A).  His conviction was affirmed on direct appeal, Chestang v. State, No. CACR05-1170 (Oct. 11, 2006)(unpublished) (Respondent's Exhibit B), and the Arkansas Court of Appeals issued its mandate on October 31, 2006 (Respondent's Exhibit C).  Petitioner states he did not seek review in the Arkansas Supreme Court.  Petition, DE #2, p. 3.

He filed a motion for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure, but the trial court dismissed it on December 4, 2006, because it violated the page limitation under Ark.R.Crim.P. 37.1(b).[1]  Respondent's Motion to Dismiss (DE #14), Exhibit 5.  Petitioner apparently did not appeal this action, but he states he filed a second Rule 37 petition on December 19, 2006, and he contends the state circuit court has refused to acknowledge the petition.  Petition (DE #2), p. 3-5. Respondent acknowledges in his Brief in Support of Motion to Dismiss that the second Rule 37 motion is still pending. Respondent's Motion to Dismiss (DE #14), Exhibit #1, p.2. Petitioner states he filed a state habeas corpus petition on

---

[1] The rule limits Rule 37 petitions to ten pages.  The order dismissing the petition indicates Petitioner's petition was eleven and one-quarter pages.

February 19, 2009, but the trial court denied it on April 8, 2009. Petition (DE #2), p. 5.

In the present petition, Petitioner raises the following grounds for relief:

> 1. The prosecutor engaged in prosecutorial misconduct when he amended the information the morning of trial to add the assertion that Petitioner "intended/inflicted serious bodily injury upon person of another;"
>
> 2. His confession was taken while the state Juvenile Code applied to him, and law enforcement officers' conduct in obtaining his statement did not comport with the procedures required under the Juvenile Code;
>
> 3. He was denied the effective assistance of counsel when the prosecutor filed the untimely amendment to the information and his attorney failed to request a continuance and failed to file a motion to suppress his statement; and
>
> 4. Without the illegally obtained confession, the evidence is insufficient to sustain his conviction.

Attachment to Petition (DE #2).

Respondent contends in his Motion to Dismiss that the entire petition should be dismissed because it is untimely under 28 U.S.C. § 2244(d)(1)(A).

I.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254. The relevant triggering date in the

present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2]  28 U.S.C. § 2244(d)(1)(A); Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  "Direct review" includes review by the United States Supreme Court, id., if the petitioner obtained or sought review of the judgment by the State's court of last resort.  Riddle v. Kemna, 523 F.3d 850, 854-55 (8th Cir. 2008).  Such a judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the expiration of the ninety days allowed for filing a petition for certiorari.  Smith v. Bowersox, 159 F.3d at 348.  Under U.S.Sup.Ct.R. 13.1., the ninety day period is counted from the date the state court files its opinion.

The Riddle court determined that the Missouri Supreme Court is the court of last resort in Missouri, and that "[w]ithout a denial of discretionary review by" that court, "a Missouri lower court decision cannot be directly reviewed by the United States Supreme Court...."  Riddle v. Kemna, 523 F.3d at 855.  It held that, since the Supreme Court could not have reviewed Riddle's direct appeal, "the expiration of time for seeking [direct] review," in his circumstance, did not include the 90-day period allowed for seeking certiorari, and Riddle's conviction became

---

[2] Petitioner has not argued that any other provisions of the statute apply.

final when the Missouri Court of Appeals issued its mandate, which meant Riddle's petition was untimely. Id. at 855-56.

In Ben-Yah v. Norris, 570 F.Supp.2d 1086, 1094 (E.D.Ark.2008), the district court considered Riddle and determined, based on its review of Arkansas procedures, that the Arkansas Court of Appeals is likewise not a court of last resort.[3] If this court agrees with Ben-Yah, and finds Riddle applies to Arkansas petitioners, Petitioner's judgment would become final the date the Arkansas Court of Appeals issued its mandate, Ark.Sup.Ct.R. 5-3 (in all cases, mandate will be issued when appellate decision becomes final), and the limitations period would start to run the day after that date. See Riddle at 856.

There is no need to determine that issue here, however, because, even if I were to find the Arkansas Court of Appeals is a court of last resort, and Petitioner's conviction did not become final until after the expiration of the 90-day period, this petition would be untimely. As set out above, the Court of Appeals issued its decision in Petitioner's case on October 11, 2006. Ninety days from that date was January 9, 2007, and

---

[3] A United States District Court for the Western District of Arkansas has also applied Riddle to an Arkansas petitioner who failed to seek a timely review by the Arkansas Supreme Court. Parmley v. Norris, 2008 WL 2561964 (W.D. Ark. June 24, 2008). That case is currently on appeal to the Eighth Circuit Court of Appeals, No. 08-3107 (Sept. 24, 2009).

Petitioner would have had until January 9, 2008, to file his federal habeas petition.

## II.

Section 2244(d)(2) contains a statutory tolling provision that applies to "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...."  An "application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000)(emphasis in original). Petitioner's first Rule 37 petition was not "properly filed," because the trial court found it exceeded the page limitation. See Walker v. Norris, 436 F.3d 1026, 1031 (8th Cir. 2006)(affirming dismissal of time-barred petition because unverified Rule 37 petition was not "properly filed" under state law); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)(holding that, when a state court finds a post-conviction petition has failed to satisfy a condition to filing, "that is the end of the matter").

Petitioner's second Rule 37 petition was prohibited by Ark.R.Crim.P. 37.2(b), which provides all grounds for relief must be raised in the original petition, unless the petition was denied without prejudice.  The state court's order dismissing Petitioner's first Rule 37 petition did not state the dismissal

was without prejudice (Respondent's Motion to Dismiss (DE #14), Exhibit #5), and therefore I find the second petition was not "properly filed."

Petitioner's state habeas corpus petition also did not toll the limitations period, because he did not file it until February 19, 2009, and by that time the one-year time limit had expired. A petitioner must exhaust his state court remedies before the expiration of the limitations period. See Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999). Petitioner is not entitled to the benefit of the statutory tolling provision.

### III.

A court, however, may apply equitable tolling to a limitations period where a petitioner has established "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. at 418.[4] "[E]quitable tolling is appropriate only in rare cases," Von Eye v. U.S., 92 F.3d 681, 684 (8th Cir. 1996), "when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998).

---

[4] The Court assumed without deciding that equitable tolling applies to the statute of limitations in § 2244(d).

> The petitioner must show that he or she "exercised reasonable diligence in investigating and bringing [the] claims." Mere excusable neglect is not sufficient.

Id. at 618-19 (citations omitted).

In his reply (DE #22) to Respondent's Motion to Dismiss, Petitioner contends the court should not dismiss his petition as untimely because he is actually innocent of aggravated robbery. The Eighth Circuit has held that actual innocence will invoke the doctrine of equitable estoppel only where the petitioner has shown "some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." Flanders v. Graves, 299 F.3d 974, 978 (8th Cir. 2002), cert. denied, 537 U.S. 1236 (2003). Petitioner has not satisfied this standard.

Petitioner did not sign this petition until July 31, 2009, and it was not filed until August 4, 2009. Both dates are well beyond the expiration of the limitations period, even if the court gives him the benefit of the ninety days under Nichols v. Bowersox. Thus, I find the petition must be dismissed as untimely.

9

IV.

Petitioner argues in his Motion for Emergency Hearing (DE #25) that, before the court can dismiss his petition as untimely, it must first consider the Motion for Entry of Default he submitted in letter form on September 21, 2009 (DE #17), and his Motion to Enter a Default Judgment (DE #21). In his motion for default, Petitioner argues a response to his Petition was due on September 14, 2005, but as of the date of his motion, none had been filed, and the court had not granted an extension of time. In his motion for default judgment (DE #21), he argues Respondent failed to obtain an extension of time before a response was due. He contends filing a motion for extension of time is insufficient to satisfy the rule requiring a timely response.

The court directed service in this matter on August 21, 2009 (DE #3). On September 10, 2009, Respondent filed a motion for an extension of time in which to file a response (DE #8). Petitioner objected to an extension of time (DE #9), but the court granted the motion on September 18, 2009, extending the time to respond until September 28, 2009 (DE #10). Respondent timely filed his Motion to Dismiss on that date (DE #14).

Default judgments are not favored by the law and decisions regarding the entry of a default judgment are left to the discretion of the trial court. See <u>United States v. Harre</u>, 983 F.2d 128, 129 (8th Cir. 1993). Rule 55(a) of the Federal Rules of

Civil Procedure provides for "entry of default" where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." The default is to be entered by the Clerk, Fed.R.Civ.P. 55(b)(1) and, if the claim is not for a sum certain, or cannot be determined by computation, the moving party must then seek a default judgment from the district court. Fed.R.Civ.P. 55(b)(2). Petitioner is not entitled to a clerk's default or a default judgment in this matter, because Respondent filed his Motion to Dismiss within the time required in the court's Order dated September 18, 2009, and therefore he has not "otherwise [failed to] defend as provided by these rules." Petitioner's Motion for Entry of Default (DE #17), Motion to Enter a Default Judgment (DE #21), and Motion for Emergency Hearing (DE #25) will be denied.

V.

In his Motion to Schedule Appeal Bond Hearing Date (DE #19), Petitioner asserts his release on bond would increase his ability to prosecute his case. The district court has inherent power to release Petitioner on bond pending the resolution of his case, if he shows a substantial federal constitutional claim that "presents not merely a clear case on the law, but a clear, and readily evident case on the facts," and he also shows "the existence of 'some circumstance making [the request] exceptional and deserving

11

of special treatment in the interest of justice.'" <u>Martin v. Solem</u>, 801 F.2d 324, 329 (8th Cir. 1986) (citations omitted). "Habeas petitioners are rarely granted release on bail pending disposition or pending appeal." <u>Id.</u> Petitioner has not satisfied this standard, and the court will deny his motion.

Also pending is Petitioner's Motion to Schedule Evidentiary Hearing (DE #20). In light of the court's resolution of Respondent's Motion to Dismiss, the motion is denied.

IT IS THEREFORE ORDERED that Respondent's Motion to Dismiss (DE #14) be, and it is hereby, granted. The Petition is dismissed with prejudice and the relief prayed for is denied.

IT IS FURTHER ORDERED that Petitioner's Motion for Entry of Default (DE #17), Motion to Enter a Default Judgment (DE #21), Motion to Schedule Appeal Bond Hearing Date (DE #19), Motion to Schedule Evidentiary Hearing (DE #20), and Motion for Emergency Hearing (DE #25) are hereby denied.

SO ORDERED this 6th day of November, 2009.

_____
United States Magistrate Judge