IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KE'ONDRA M. CHESTANG,      *
                                                 *
            Petitioner,            *
vs.                                                 *       No. 5:09cv00219 SWW/HLJ
                                                 *
                                                 *
LARRY NORRIS, Director,        *
Arkansas Department of Correction,    *
                                                 *
           Respondent.          *

<u>ORDER</u>

By Order and Judgment filed November 23, 2009 and entered November 24, 2009, the Court adopted in their entirety Findings and Recommendations of Magistrate Judge Jones dismissing petitioner's petition for writ of habeas corpus in its entirety. On November 24, 2009, petitioner filed an "Addendum" to his statement of facts that he submitted with his objections to the Magistrate Judge's Findings and Recommendations. The Addendum was entered the following day. Construing the Addendum as a motion for reconsideration, the Court, by Order entered December 1, 2009 [doc.#35], found no basis for reconsidering the Court's Order and Judgment dismissing petitioner's petition for writ of habeas corpus.

Now before the Court is what has been docketed by the Clerk's Office as a motion [doc.#37] for a certificate of appealability. This Court has the authority to issue such a certificate. *See, e.g., Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A certificate of appealability certifies that the applicant has made a substantial showing of the denial of a constitutional right, that is, a showing that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See, e.g., Carson v. Director of the Iowa Dept. of Correctional*

*Services*, 150 F.3d 973, 975 (8th Cir. 1998). With respect to claims that are procedurally barred, the Eighth Circuit has summarized the factors to consider when determining whether a certificate of appealability should issue when a habeas claim is denied on procedural grounds: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)). *See also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

After reviewing the record in this case, the Court determines that the standard for a certificate of appealability is not met and that petitioner's motion seeking same should be and hereby is denied.

IT IS SO ORDERED this 5th day of January 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE